**ORIGINAL**

# In the United States Court of Federal Claims

No. 14-925C
(Filed February 27, 2015)
NOT FOR PUBLICATION

**FILED**

**FEB 27 2015**

**U.S. COURT OF FEDERAL CLAIMS**

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                      *
                                      *
JOHN DAVID McBRIDE,                   *
                                      *
              Plaintiff,              *
         v.                           *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's motion to dismiss the complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and plaintiff's motion for summary judgment or default judgment. For the reasons set forth below, the Court finds that it lacks jurisdiction over plaintiff's claims. Defendant's motion to dismiss is **GRANTED** and plaintiff's motion is **DENIED**.[1]

## I. BACKGROUND

Plaintiff John David McBride was incarcerated at the Greensville Correction Center in Jarratt, Virginia and has filed this case for "[r]everse [d]iscrimination and [g]ross [n]egligence" against Judge M. Hannah Lauck of the United States District Court for the Eastern District of Virginia, and U.S. Attorney General Eric Holder. Compl. at 1. The short procedural history of this case is as follows: Plaintiff filed his complaint on September 22, 2014, and on October 15, 2014, filed a motion to proceed *in forma pauperis*. ECF. No. 4. The government failed to submit a timely

---

[1] Plaintiff also filed a document on December 8, 2014, which included a motion to amend his complaint, seeking to add claims for damages for "[m]ental and [e]motional duress, loss of his [b]usiness and his home due to defendants negl[i]gence." *See* Mot. to Reconsider, ECF No. 14. Because this Court does not have jurisdiction over his claims, the motion to amend is futile, and is therefore **DENIED**.

response to the *in forma pauperis* motion and the Court denied the government's motion to respond to plaintiff's *in forma pauperis* motion out of time. Order (Nov. 21, 2014), ECF No. 9. Nevertheless, the Court denied Mr. McBride's motion to proceed *in forma pauperis* because Mr. McBride has had at least three former cases dismissed for failing to state claim, which prohibited the court from granting his motion. Order (Nov. 25, 2014), ECF No. 10. Mister McBride then submitted a motion for reconsideration, alleging a threat of imminent harm, and the Court granted his motion to proceed *in forma pauperis*. Order (Dec. 9, 2014), ECF No. 15. Plaintiff has informed us that he has since been released from the facility. Notice (Jan. 20, 2015), ECF No. 20.

The government filed the pending motion to dismiss on November 20, 2014. Def.'s Mot. to Dismiss (Def.'s Mot.), ECF No. 8. Plaintiff submitted two responses: first, a document entitled "Motion for Summary Judg[]ment and/or Motion for Default Judg[]ment" (Dec. 1, 2014), ECF No. 11;[2] and second, a document entitled "Motion to Dismiss and Motion for Sanctions Motion to Amend" (Pl.'s Resp.) (Dec. 5, 2014), ECF No. 13.[3] The former document was filed as an independent motion for judgment and the latter was filed as plaintiff's response to the government's motion to dismiss. The government responded to Mr. McBride's motion on December 1, 2014. Def.'s Resp. to Pl.'s Mot. Sum. J. (Def.'s Resp.) (Dec. 1, 2014), ECF No. 12. The government filed a reply in support of its motion on December 12, 2014.

The substance of plaintiff's claim is that federal court and executive branch officials have wrongfully failed to respond to, and rule on, his pending civil action in the United States District Court for the Eastern District of Virginia. Compl. at 2. The Court notes that Mr. McBride has filed at least nineteen cases in the Eastern District of Virginia since 2003. Mister McBride alleges that he filed a civil claim on February 19, 2014, against the Commonwealth of Virginia, the Fairfax Circuit Court, the Attorney General of Virginia's office, and "the former and current Gove[r]nors." *Id.* Plaintiff appears to be referring to *McBride v. Virginia*, 3:13-cv-855, his Petition for Order of Restraint.[4] That case, a habeas corpus petition, was

---

[2] As a *pro se* litigant, it seems Mr. McBride construed defendant's failure to file an answer as failure to defend its case. Rule 12(a)(4) however, alters a defendant's timeline for filing an answer, and permits the defendant to wait until the outcome of a motion to dismiss or motion for summary judgment before answering a complaint. *See* RCFC 12(a)(4). Plaintiff's motion for judgment is accordingly **DENIED**.

[3] Plaintiff's request for sanctions is baseless and therefore **DENIED**.

[4] Defendant assumes Mr. McBride is referring to *McBride v. Johnson*, No. 08-246, 2008 WL 4809857 (E.D. Va. Nov. 4, 2008) which was dismissed by (then) Magistrate Judge Lauck. Def.'s Mot. at 2. But a closer review shows that *McBride v. Virginia*

filed on December 31, 2013 and was conditionally docketed by (then) Magistrate Judge Lauck on February 19, 2014. Memorandum Order of Magistrate Judge M. Hannah Lauck, *McBride* 3:13-cv-00855-JRS, ECF No. 2. Mister McBride has submitted numerous letters which have been filed in that case, and Judge Lauck has permitted Mr. McBride to proceed *in forma pauperis*. The case is ongoing.

In the present complaint Mr. McBride charges that the Judge Lauck "shows great pre[]judice against inmates." Compl. at 2. He complains that despite numerous filings the government has failed to investigate his claims, and that this "blatant [n]egl[i]gence and [d]iscrimination against [w]hites is borderline criminal." *Id.* He blames "[r]eckless disregard for their legal [d]uty" as the reason for the judicial system's failure to respond to his filings and to release him from his allegedly wrongful imprisonment. *Id.* at 2–3. Plaintiff also claims that he sent evidence of his innocence to former Attorney General Eric Holder, who did not respond. *Id.* at 2. Plaintiff seeks damages in the amount of $35 million. *Id.* at 3.

The government seeks to have this case dismissed pursuant to Rule 12(b)(1) of the RCFC for lack of subject-matter jurisdiction. Def.'s Mot. at 1. The government argues, first, that the court does not have jurisdiction to hear Mr. McBride's claims against Attorney General Eric Holder and Judge Lauck because the Tucker Act only grants the court jurisdiction over claims against the United States, and not federal officials. *Id.* at 6–7. Second, the government contends that the court does not have jurisdiction over the type of claims Mr. McBride alleges, namely tort claims and racial discrimination claims. *Id.* at 7–8. Third, the government argues this court does not have jurisdiction to review prior decisions of district courts. *Id.* at 9.

## II. DISCUSSION

### A. Legal Standards

Under RCFC 12(b)(1), claims brought before this court must be dismissed when it is shown that this court lacks jurisdiction over their subject-matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, courts will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

---

was conditionally docketed on February 19, 2014, the date Mr. McBride cites in his complaint.

While a *pro se* plaintiff's filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside this court's jurisdiction from being dismissed. *See, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). The party invoking a court's jurisdiction bears the burden of establishing it, and must ultimately do so by a preponderance of the evidence. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991).

## B. Analysis

Plaintiff's three-page complaint does not state in any detail the statutes or constitutional provisions that defendant has allegedly violated. *See* Compl. at 1. Mister McBride seeks compensation for "[r]everse [d]iscrimination and [g]ross [n]egligence" but does not state the grounds on which he is entitled to relief. His response enlightens the court slightly by saying:

> Plaintiff is not argueing [sic] about Judge Lauck[']s [r]uling on his [h]abeas corpus [p]etition. He is argueing [sic] that the Commonwealth of Virginia Attorney General[']s office withheld [e]vidence and committed perjury in their response and at a later date when Plaintiff obtained [e]vidence of this and sent this [e]vidence to Judge Lauck she took no action to correct the situation, nor was any action taken against the Commonwealth of Virginia[']s Attorney General[']s Office.

Pl.'s Resp. at 1–2. Interpreting the complaint broadly and generously toward the plaintiff, it seems Mr. McBride is asserting the following legal claims: first, a claim for violation of constitutional rights by government officials in their individual capacities; second, a tort claim against the United States and/or its officials for negligence; third, a civil rights claim against the United States and/or its officials for racial discrimination.[5]

### 1. *Claims Against Individual Defendants*

The Tucker Act grants the United States Court of Federal Claims jurisdiction only over claims against the United States, and not those directed at individual federal officials. 28 U.S.C. § 1491(a); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997). Plaintiff's complaint names two parties as defendants in this suit: Judge Lauck and Attorney General Holder. The court lacks jurisdiction to the

---

[5] To the extent that plaintiff's complaint can be construed as raising a claim for false imprisonment, this court lacks jurisdiction because 28 U.S.C. § 1495 only applies to federal convictions and imprisonments.

extent that Mr. McBride's claims are against individual officials. The Court however construes Mr. McBride's complaint to include the United States as a defendant, and proceeds to review the motion on that basis.[6]

### 2. Negligence Claim

The Court of Federal Claims lacks jurisdiction over tort actions against the United States. 28 U.S.C. § 1491(a) (limiting jurisdiction to "cases not sounding in tort"); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). This court has previously held that tort claims include allegations that the United States "engaged in negligent, fraudulent, or other wrongful conduct when discharging its official duties." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998). The bulk of Mr. McBride's claim is that federal officials have engaged in gross negligence by failing to investigate and respond to his alleged false imprisonment. Compl. at 1–2. This court lacks jurisdiction over plaintiff's tort claims.

### 3. Claims for Racial Discrimination

Our court does not have jurisdiction over Mr. McBride's claims of racial discrimination. Plaintiff has not cited to any money-mandating statute, nor is the Court aware of any, that would permit us to have jurisdiction over these claims. Even if Mr. McBride's claims were grounded in the Constitution, he would only be entitled to relief if the Constitution itself required the payment of money damages as compensation, such as through the Takings Clause. Plaintiff has not pled that the United States Constitution requires payment of money damages to him as compensation for a violation. We lack jurisdiction to the extent plaintiff is alleging a claim under the so-called equal protection component of the Due Process Clause of the Fifth Amendment. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *Carruth v. United States*, 224 Ct. Cl. 422, 445 (1980).

### 4. Review of District Court Decision

This Court also lacks subject-matter jurisdiction over plaintiff's complaint regarding any alleged infirmities associated with his conviction or the civil actions he has filed in other courts. *See* Def.'s Mot. at 9–10. As the Federal Circuit explained in *Joshua v. United States*, 17 F.3d 378 (Fed. Cir. 1994), our court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts." *Id.* at 380. Moreover, "[t]his Court lacks jurisdiction to consider claims which amount to collateral attacks on criminal convictions." *Perkins v. United States*, No. 13-023C, 2013 WL 3958350, at *3 (Fed.

---

[6] Plaintiff seems to believe that the United States could not be named as a defendant to the suit because the United States is not an individual. *See* Pl.'s Resp. at 2. But under RCFC 10(a), on complaints filed in our court the United States is "designated as the party defendant."

Cl. July 31, 2013). Finally, as this court's (and the Federal Circuit's) predecessor, the Court of Claims, held in *Carter v. United States*, 228 Ct. Cl. 898 (1981), "[i]f plaintiff had valid constitutional defenses to his convictions on criminal charges, he should have asserted them on appeal in the proper court. . . . [H]e cannot here be heard to make a collateral attack on his convictions under the guise of a claim for money damages." *Id.* at 900.

Insomuch as plaintiff's request for relief amounts to a request for this court to overturn the decisions of the Eastern District of Virginia, his complaint amounts to a request for collateral attack and thereby fails to establish proper jurisdiction. Accordingly, this court lacks the jurisdiction to decide if Judge Lauck is biased; to determine if due process has been violated in those cases; or to provide injunctive relief to remedy the alleged "corruption in the Commonwealth Judicial System of Virginia." Compl. at 1–2.[7]

### III. CONCLUSION

For the foregoing reasons the Court **GRANTS** defendant's motion to dismiss this case for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1) and **DENIES** plaintiff's motion for judgment. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge

---

[7] Under the Tucker Act, our court has jurisdiction over certain claims against the *federal* government, not state or local governments or officials. *See* 28 U.S.C. § 1491.